OPINION
{¶ 1} Defendant-appellant Randolph Eric Young appeals his convictions and sentences entered by the Stark County Court of Common Pleas on one count of burglary, in violation of R.C. 2911.12 following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 15, 2002, the Stark County Grand Jury indicted appellant on one count of burglary, in violation of R.C. § 2911.12 and one count of domestic violence, in violation of R.C. § 2919.25(A).
 {¶ 3} These charges arose from an incident which occurred on March 18, 2002, wherein Appellant went to the apartment of his ex-girlfriend, Tasha Howell, entered her apartment without permission and assaulted her.
 {¶ 4} On April 19, 2002, Appellant was arraigned and entered a plea of not guilty to both charges.
 {¶ 5} On June 3, 2002, the case was tried before a jury.
 {¶ 6} During the trial, the jury heard testimony from Tasha Howell, who stated that appellant did not have permission to enter her apartment. She testified that she did not and would not have opened the door for him.
 {¶ 7} The jury also heard testimony from Appellant's current girlfriend who testified that Tasha had asked her to keep Appellant away from her apartment.
 {¶ 8} The jury heard additional testimony from Canton Police Officer Gabbard who stated that he had numerous conversations with Appellant indicating that he should not be on the property.
 {¶ 9} Additionally, Appellant admitted that he knew that Tasha did not want him around her apartment but that he went there anyway.
 {¶ 10} After hearing all the evidence and deliberations, the jury found appellant guilty of the charge of burglary. The jury found appellant not guilty as to the charge of domestic violence.
 {¶ 11} By Judgment Entry filed June 7, 2002, the trial court sentenced appellant to a term of imprisonment of twelve months on the charge of burglary.
 {¶ 12} It is from this conviction and sentence appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR I. {¶ 13} "The court erred in permitting the state to present evidence concerning other bad acts or crimes of the defendant."
 II. {¶ 14} "The trial court's finding that appellant was guilty of burglary was against the manifest weight of the evidence because the evidence did not establish beyond a reasonable doubt that appellant trespassed into the complainant's Residence."
 I. {¶ 15} In his first assignment of error, Appellant argues that the trial court erred in permitting his prior bad acts into evidence. We disagree.
 {¶ 16} Evid.R. 404(B) governs the admissibility of "other crimes, wrongs or acts" and states as follows:
 {¶ 17} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation plan, knowledge, identity, or absence of mistake or accident."
 {¶ 18} The complained of prior acts admitted into evidence was the testimony of Officer Gabbard that he had had numerous conversation with Appellant wherein he had warned him to stay away from Appellant's apartment complex and away from Tasha Howell.
 {¶ 19} The trial court held that such evidence was indicative of Appellant's state of mind finding that prior warnings as to trespass and Appellant's repeated disregard of same relevant.
 {¶ 20} The trial court also gave the following limiting instruction to the jury:
 {¶ 21} ". . . This testimony is for the limited purposes of the understanding of the Defendant with regard to his state of mind and any knowledge he may have had with regard to his ability to be on the premises of the alleged victim in this case." (T. at 127).
 {¶ 22} Upon review, we find the trial court did not err in admitting appellant's prior bad acts into evidence.
 {¶ 23} Assignment of Error I is denied
 II. {¶ 24} In his second assignment of error, appellant claims that the finding of guilty was against the manifest weight of the evidence. We disagree.
 {¶ 25} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997),78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 26} R.C. § 2911.12, which defines the offense of burglary, provides in Subsection (A)(2), "No person, by force, stealth, or deception, shall * * * trespass in an occupied structure * * *." A trespass occurs when a person knowingly enters or remains on the land or premises of another without privilege to do so.
 {¶ 27} Upon our review of the entire record and our statements of facts, supra, we find the jury did not clearly lose its way so as to result in a manifest miscarriage of justice.
 {¶ 28} Assignment of error II is overruled.
 {¶ 29} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Boggins, J., Gwin, P.J. and Edwards, J. concur.
Topic: Manifest Weight.